P. C. BROYLES *v.* WM. MOFFET'S ADM'R.

**Husband and Wife—Husband's Death—Liability of Wife's Property.**

The court will not interfere after the death of both husband and wife to apply the proceeds of property belonging to the wife to the payment of the husband's debts.

**Husband and Wife—Notes—Burden of Proof.**

The burden is on one who seeks to apply notes executed to the wife to the payment of the husband's debts, to show that the notes were executed for property or money belonging to the estate of the husband.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 24, 1873.

OPINION BY JUDGE LINDSAY:

There is absolutely no evidence tending to show that the $295 on hand at the time of Mrs. Moffet's death did not belong to her.

The note on Craycraft & Montgomery for $337 was given for bacon and a few other small articles, including a stove. Craycraft did not know whether the purchases were made at the sale of the effects of W. G. Moffet's estate or at the sale made by Mrs. Moffet. The meat set apart to Mrs. Moffet was nearly all sold on the day

of the sale made by her deceased husband's administrator; other of her household property was also sold at the same time at the price at which bacon sold 20 to 25 cents per pound, such quantity as would likely be set apart to the widow would sell for three hundred dollars. It is not impossible that this note was given for Mrs. Moffet's property, and the testimony does not require us to conclude that it was not.

The note of Booker for $27 stands upon about the same footing with that of Craycraft and Montgomery. The note for $300 on Covington was given to Mrs. Moffet during the life of her husband, and with his consent for a piano which belonged to her before her marriage. Moffet was not compelled to reduce this piano to his possession. He had the right to allow his wife to retain it as her individual property, notwithstanding their marriage, and as he seems to have done so, the courts will not after the death of both the husband and wife, interfere to apply the proceeds to the payment of the husband's debts.

For the same reasons the note given for the hire of one of Mrs. Moffet's negroes for the year 1865 was held to be part of her estate.

There is not sufficient testimony to establish that the note on Noe for $37, the note on D. Moffet for $100, or the note on Mitchell for $300, or either of them were given for property or money belonging to the estate of W. G. Moffet, and the onus was upon appellant to make out his case as to each of the items set up by him.

The rents of the house and lot adjudged to be subject to the payment of W. G. Moffet's debts inured to the benefit of his heirs, and were not assets in the hands of his administrator.

Perceiving no error in the judgment of the circuit court it is *affirmed.*

In this case Chief Justice Hardin did not sit.

*W. H. Hays, for appellant.*

*Ray & Walker, for appellees.*